# In the United States Court of Federal Claims

Nos. 12-431L, 12-592L, 13-51X

(Filed: September 20, 2016)

```
*****************************************
GRACE M. GOODEAGLE, et al.,             *
                 Plaintiffs,            *
v.                                      *
                                        *
THE UNITED STATES,                      *
                 Defendant.             *
*****************************************
QUAPAW TRIBE OF OKLAHOMA,               *
                 Plaintiff,             *
v.                                      *
                                        *
THE UNITED STATES,                      *
                 Defendant.             *
*****************************************
THOMAS CHARLES BEAR, et al.,            *
                 Claimants,             *
v.                                      *
                                        *
THE UNITED STATES,                      *
                 Defendant.             *
*****************************************
```

ORDER DENYING MOTIONS IN LIMINE

     Before the Court are seven motions in limine filed by counsel for the Defendant on September 19, 2016 as follows: (1) a motion to exclude the expert opinion testimony of Morris Sheppard Arnold; (2) a motion to exclude portions of the expert opinion testimony of Dr. Chris Breeds and Wayne Kehely; (3) a motion to exclude the expert opinion testimony of Dr. John Duffield; (4) a motion to exclude the expert opinion testimony of John Dalgarn; (5) a motion to exclude the expert opinion testimony of Stephen Jay; (6) a motion to exclude the expert opinion testimony of Tim Kent and portions of the expert opinion testimony of William Harvey; and (7) a motion to exclude the expert opinion testimony of Trenton R. Stand.  Trial is scheduled to commence on October 11, 2016 in Washington, D.C.

      The arguments advanced by Defendant are better left for consideration during trial.  Inasmuch as this is a bench trial and not a jury trial, the Court is quite adept at weighing evidentiary objections as the trial proceeds.  Even if Defendant is correct in pointing out certain weaknesses or infirmities in Plaintiffs' case, this fact does not mean that an expert's entire testimony should be precluded.  The Court is more inclined to hear the expert's testimony and decide for itself the logic and credibility of each witness.  Accordingly, for the reasons stated, Defendant's motions in limine are DENIED, without prejudice to being raised again at an appropriate stage of the trial.

      IT IS SO ORDERED.

                                                s/Thomas C. Wheeler
                                                THOMAS C. WHEELER
                                                Judge